**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

M. BERNIECE JOHNSON,

       Plaintiff-Appellant,

v.

TODD K. FUSS; PAULA S.
BOWERS; CAROL DIETRICT FUSS;
MRS. DIETRICT, mother of Carol
Fuss; VICKIE FUSS, true name
unknown; JEAN WILLITT, Mother of
Todd Fuss; Mr. A. WILLITT, Jean
Willit's husband; JOHN WIMBERLY,
true name unknown; TERA FUSS,
sister of Todd Fuss, true name
unknown; CRYSTAL FUSS, sister of
Todd Fuss, true name unknown;
ZANE FUSS, brother of Todd Fuss;
JERRY SMITH; DENVER POLICE
DEPARTMENT; JEFFERSON
COUNTY POLICE DEPARTMENT;
DAVID LITTMAN, (lawyer-ad litem);
WILLIAM KING, (lawyer
representing Todd Fuss); LARRY
LEECH, (lawyer pretending to
represent the plaintiff while helping
Todd Fuss and cohorts),

       Defendants-Appellees.

No. 09-1212
(D.C. No. 09–CV–00225–ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

_____

_____

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* state prisoner civil rights appeal. Plaintiff filed this § 1983 suit against numerous individuals who were allegedly involved in the loss of her child custody rights. Following its review of Plaintiff's second amended complaint, the district court dismissed this action, without prejudice, for failure to comply with the requirements of Federal Rule of Civil Procedure 8. We review a dismissal under Rule 8 for abuse of discretion, "[b]ut what we consider compliant with this standard depends" on "whether dismissal was ordered with or without prejudice to subsequent attempts at amendment." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007). Where, as here, a complaint is dismissed without prejudice "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162.

Originally a magistrate judge ordered Plaintiff to show cause why he should not dismiss her first amended complaint, which consisted of state tort law claims

and did not allege state action, for lack of subject matter jurisdiction. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."). Upon reviewing Plaintiff's response alleging that her federal constitutional rights had been violated, the magistrate judge allowed the case to go forward but ordered Plaintiff to file a second amended complaint that included these violations. The magistrate judge specifically advised Plaintiff that a complaint filed in federal court must explain "'what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" (Doc. 14 at 3, quoting *Nasious*, 492 F.3d at 1163). Plaintiff then filed a second amended complaint with the district court that included an additional claim for relief and additional Defendants. However, the district court concluded that the complaint still did not comport with the requirements of Rule 8, and it thus dismissed the case without prejudice.

After careful review of Plaintiff's brief and the record on appeal, we conclude that the district court did not abuse its discretion in dismissing the complaint. Under Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." While a court must construe a *pro se* litigant's pleadings "liberally," holding them to "a less stringent standard than formal pleadings

-3-

drafted by lawyers," it must not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, despite Plaintiff's additional claim and the added Defendants, Plaintiff has not made any plain statement identifying any specific violations of federal constitutional rights that would show she was entitled to relief under § 1983[1] As the district court correctly stated, "[a]lthough the second amended complaint must be construed liberally, the Court will not construct legal argument for a *pro se* litigant." (Doc. 17 at 4).

For substantially the same reasons set forth in the district court's order, we **AFFIRM**. We also **GRANT** Plaintiff's motion to proceed without prepayment of fees and remind Plaintiff of her obligation to continue making partial payments until her filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]In her *pro se* brief Plaintiff expressed some confusion as to the proper court in which to bring her action. (Appellant Br. at 9). After review of the district court decision and the record, it appears that the magistrate's initial impressions were probably correct; the proper place for plaintiff to file her complaint may have been a state trial court. Thus, although Plaintiff remains free to re-file her claims in a properly pleaded complaint, given the nature of her claims, she may fare better by filing in a state court. However, in so noting we express no opinion on the merits of Plaintiffs claims or her likelihood of success in either federal or state court.