RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0023p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

MICHAEL ANTHONY WILLIAMS,

*Petitioner,*

*v.*

No. 09-1381

CINDI CURTIN; MICHAEL CURLEY; SHAWN
BREWER; CAPTAIN (UNKNOWN) PANT;
ROBERT SANDERS; GLORIA HERNANDEZ,

*Respondents.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 08-00470—Robert Holmes Bell, District Judge.

Decided and Filed: January 31, 2011

Before: KENNEDY, CLAY, and KETHLEDGE, Circuit Judges.

—————————————

**COUNSEL**

**ON BRIEF:** Michael A. Williams, New Haven, Michigan, *pro se*.

—————————————

**OPINION**

—————————————

CLAY, Circuit Judge. Petitioner Michael Anthony Williams, a state inmate proceeding *pro se*, appeals the *sua sponte* dismissal of his Complaint against Respondent officials at the Oaks Correctional Facility ("Respondents") for failure to state a claim under 42 U.S.C. § 1983. For the reasons stated below, we **REVERSE** the decision of the district court and **REMAND** for further proceedings consistent with this opinion.

**BACKGROUND**

All facts are taken from the Complaint, since those were the facts available to the district court. Petitioner alleges that, on or about October 25, 2007, he "was subject to Cruel and Unusual Punishment" when prison officers used a "chemical agent to disable him and gain his compliance." According to the Complaint, prison officials sought to transfer Petitioner from Housing Unit No. 3 to Unit No. 5, both of which are administrative segregation units at the Oaks Correctional Facility.

Petitioner alleges that upon being ordered to "pack up" his cell, Petitioner responded: "What for, sir?" At that point, an officer stated, "ARUS Hernandez, order you [sic] to leave this cellblock." Respondent Pant then entered the cellblock with an "assault squad," organized pursuant to an order by Respondent Curley, and released a "chemical agent." This caused Petitioner "to cough" and resulted in a "shortage of oxygen."

Following Petitioner's unsuccessful attempts at relief through the internal prison grievance process,[1] Petitioner filed this instant § 1983 action on May 21, 2008. Upon an initial screening of the Complaint pursuant to the Prison Litigation Reform Act, as amended, 42 U.S.C. § 1997e *et seq*., the assigned magistrate judge filed a report and recommendation ("R&R") that recommended dismissal for failure to state a claim. Petitioner filed objections to the R&R that contained factual allegations not contained in the Complaint. The district court refused to consider the new allegations, and adopted the R&R on June 19, 2008 as the decision of the district court. Petitioner now appeals.

---

[1]Petitioner has annexed to his Complaint numerous records relating to his grievances. On or about November 14, 2007, Petitioner filed a Step-I grievance with the prison, making the same allegations as he does in this litigation. This grievance was dismissed on the merits. At Step-II, Petitioner sought "reimbursement for lost [sic] of legal materials and medical doctrines," but the grievance was dismissed because Petitioner failed to first raise this issue at Step-I. Petitioner then pursued his initial grievance to Step-III. Upon review, the prison found that Petitioner's grievance was properly handled below, and that Petitioner had not produced sufficient evidence to demonstrate a violation of prison policies.

**DISCUSSION**

The district court appears to have relied upon two grounds to dismiss the Complaint. First, the district court found that Petitioner's alleged injuries were "de minimus [sic]." Second, the district court found that Respondents' conduct was reasonable, stating that the chemical agent "was applied in a good-faith effort to maintain or restore discipline, not to maliciously or to sadistically cause harm." The district court further reasoned that Petitioner admitted that he was "noncompliant[] with [Respondents'] orders."

On appeal, Petitioner asserts that the district court erred by: 1) incorrectly stating that Petitioner disobeyed an order just prior to the use of chemical spray; and 2) misapplying the proper legal standards. We agree.

### A.     Standard of Review:  Dismissal for Failure to State a Claim

This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Accepting all well-pleaded allegations in the complaint as true, the Court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). *Pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### B.     Legal Standard:  Eighth Amendment to the U.S. Constitution

The district court properly characterized Petitioner's claim as arising under the Eighth Amendment. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Although prison discipline may require that inmates endure relatively greater physical contact, the Eighth Amendment is nonetheless violated if the "offending conduct reflects an unnecessary and wanton infliction of pain." *Pelfrey v.*

*Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (internal alterations and quotation marks omitted). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *See, e.g.*, *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).

The subjective component focuses on the state of mind of the prison officials. The relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks omitted). Courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321. Courts may also consider the circumstances "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.*

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This is a "contextual" inquiry that is "responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8-9 (internal citation and quotation marks omitted). The seriousness of the injuries are not dispositive; as the Supreme Court has held, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* at 9; *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (per curiam).

### C. Application: Complaint States a Claim Under the Eighth Amendment

The district court erred in concluding that the Complaint fails to state a claim. Giving due regard to Petitioner's status as a *pro se* litigant, we find that the Complaint contains sufficient factual averments that, if true, "state a claim to relief that is plausible on its face" under the Eighth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

With regard to the subjective component of an Eighth Amendment claim, Petitioner has sufficiently alleged that Respondents acted with a culpable state of mind. Contrary to the statements of the district court, Petitioner does not admit that he disobeyed a direct order.[2] Petitioner alleges that, when instructed to "pack up," he inquired, "What for, sir?," at which point an "assault team" entered the cell and used a chemical agent on him. These facts, if true, may permit a finding that the use and/or amount of force was unnecessary, which may suggest that Respondents' actions were not taken in good faith and were perhaps motivated by the malicious purpose of causing harm.

Likewise, with regard to the objective component of an Eighth Amendment claim, Petitioner has sufficiently alleged that Respondents inflicted "sufficiently serious" pain. Although the district court found that Petitioner's allegations of injury—namely, coughing and shortage of oxygen—constitute a "de minimus [sic] injury," this finding is an insufficient basis upon which to dismiss the Complaint. *See Wilkins*, 130 S. Ct. at 1178. If it were a sufficient basis, as the Supreme Court has explained, "the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Indeed, the Supreme Court recently reversed a *sua sponte* dismissal of a prisoner's Eighth Amendment claim, where the lower court did so on the basis of *de minimis* injury. *See Wilkins*, 130 S. Ct. at 1178-80. The Court rejected the argument that the Eighth Amendment requires a showing of significant injury, holding instead that the judicial inquiry should focus on "the nature of the force rather than the extent of the injury." *Id.* at 1177.

---

[2] The evidence that Petitioner disobeyed an order appears to come from a prison grievance report annexed to the Complaint that states as follows: "Prisoner Williams was interviewed and admits to refusing the orders, admits to blocking his cell door, and admits he was not injured in the forced cell move." (Compl., Ex. 1 at 5.) Although the district court may consider exhibits to the Complaint, Petitioner does not make such an admission in his actual Complaint and the allegations contained therein may be understood to indicate that the degree of force applied was unreasonable. Although Petitioner's claim could have been stated in stronger terms, the district court's dismissal was nonetheless premature given the liberal construction accorded to *pro se* pleadings.

The district court thus should have considered the degree of force applied.  Here, Petitioner alleges that an "assault squad" used a "chemical agent to disable" him. Viewing Petitioner's Complaint in the light most favorable to him—and assuming he can prove that Respondents acted with a culpable state of mind—his allegations of a violent extraction, complete with use of a chemical agent that caused some degree of injury to Petitioner, are adequate to plead that the pain inflicted was "sufficiently serious."  *See id.* at 1178-79 ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

## CONCLUSION

For the reasons set forth above, we **REVERSE** the decision of the district court and **REMAND** for further proceedings consistent with this opinion.