NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0612n.06

No. 11-2396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SIMON PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| VETERANS ADMINISTRATION | ) | MICHIGAN |
| HOSPITAL, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

**PER CURIAM**.  Simon Phillips, III, a Michigan prisoner proceeding *pro se*, appeals the district court's judgment dismissing his complaint for employment discrimination against a Veterans Administration hospital.

Phillips was employed as a housekeeper at the hospital administered by the Veterans Administration (VA) in Ann Arbor, Michigan.  In August 2008, Phillips was arrested and jailed for charges of domestic violence.  He had worked in his housekeeper position for three years without any disciplinary actions.  Phillips's supervisor terminated him but encouraged Phillips to reapply for his position.  Phillips claimed that the stress of these events caused him to begin drinking and using drugs.

Phillips, who is African American, filed a complaint for damages against the VA for employment discrimination based on race.  The VA filed a motion to dismiss.  The magistrate judge recommended granting the motion because the complaint failed to state a claim upon which relief could be granted.  Over Phillips's objections, the district court adopted the magistrate judge's report

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and granted the VA's motion to dismiss. The district court denied Phillips's subsequent motion for reconsideration.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). When reviewing a motion to dismiss, we must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To establish a claim of race discrimination under Title VII, a plaintiff must first prove a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This requires a plaintiff to show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for his position; and (4) a similarly-situated non-protected employee received preferential treatment. *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 703 (6th Cir. 2007). Phillips's complaint did not allege that he was treated differently from similarly-situated employees. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709–11 (6th Cir. 2006). Therefore, the district court correctly dismissed Phillips's complaint for failure to state a claim.

In his appellate brief, Phillips alleges that the VA breached a contract by terminating his employment. Because this claim was not raised in the district court, the argument is not reviewable on appeal. *See Armstrong v. City of Melvindale*, 432 F.3d 695, 699–700 (6th Cir. 2006).

The district court's judgment is affirmed.