NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1025n.06

No.  10-5693

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Sep 21, 2012*
DEBORAH S. HUNT, Clerk

JAMES GILBERT TUTTLE,                    )
                                         )
    Plaintiff-Appellant,             )
                                         )
                                         )        ON APPEAL FROM THE
v.                                       )        UNITED STATES DISTRICT
                                         )        COURT FOR THE EASTERN
CARROLL COUNTY DETENTION                 )        DISTRICT OF KENTUCKY
CENTER; MIKE HUMPHREY, Jailer;           )
HENSLEY, Deputy,                         )
                                         )
    Defendants-Appellees.            )


BEFORE:  GILMAN, GIBBONS, and ROGERS, Circuit Judges.


PER CURIAM.  James Gilbert Tuttle appeals the district court's judgment dismissing his complaint, filed under 42 U.S.C. § 1983.

Tuttle filed a § 1983 complaint against the Carroll County Detention Center in Carrollton, Kentucky, Jailer Mike Humphrey, and a female deputy identified only as "Hensley," alleging the following facts.  Tuttle was arrested on a parole violator warrant, and he was taken to the Carroll County Detention Center, where he was booked and patted down by Hensley.  During the pat down, Hensley "grabbed [Tuttle's] privates and squeezed them really hard."  Tuttle wrote to Humphrey to inform him of what happened.  Humphrey advised Tuttle to stop returning to jail.  Tuttle further alleged that his privacy and dignity were violated, and he sought monetary relief.  Upon initial

screening, the district court dismissed the complaint, concluding that Tuttle failed to adequately allege that his constitutional rights were violated or that he suffered physical injury. The court denied Tuttle's motion for reconsideration.

On appeal, Tuttle argues that the allegations in his complaint were sufficient to state an Eighth Amendment claim. We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief may be granted. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). We accept all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Further, we liberally construe allegations in pro se complaints. *Id.* To avoid dismissal, the complaint must state a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). An Eighth Amendment claim has both an objective and a subjective component. *Id.* at 954. To determine whether the subjective component is met, we consider whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). In assessing the objective component, we conduct a contextual inquiry to determine whether the pain inflicted was "sufficiently serious." *Id.* The extent of a prisoner's injury may suggest whether the use of force could plausibly have been thought necessary in a particular situation and may also provide some indication of the amount of force applied. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010).

No. 10-5693
*Tuttle v. Carroll Cnty. Det. Ctr., et al.*

The district court properly dismissed Tuttle's complaint because he failed to allege facts demonstrating that Hensley acted maliciously or sadistically for the purpose of causing harm. Further, Tuttle did not allege that he suffered an injury that would support an inference that Hensley used an amount of force unnecessary for a pat-down search. His bare-bones allegation that the female deputy "*grabbed* my privates and *squeezed them really hard*" (emphasis added) is simply too subjective and vague to state an Eighth Amendment violation. In *Wilkins*, the Supreme Court explained:

> As we stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Ibid.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Ibid.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

*Id.* The cases cited by the district court—in which analogous claims involving contact with genitals during pat-down searches were dismissed—similarly support our conclusion that dismissal is appropriate in the present case. *See Tuttle v. Carroll Cnty. Det. Ctr.*, No. 3:10-12-DCR, 2010 WL 2228347, at *1-2 (E.D. Ky. June 2, 2010). Accordingly, we affirm the district court's judgment.