BERNICE B. DONALD, Circuit Judge.
I agree with the majority that the district court properly granted summary judgment to the Defendants on Peterson’s First Amendment Retaliation claim and on his Eleventh Amendment claim. I take exception, however, to the majority’s conclusion that the district court reached the correct result, albeit for the wrong reasons, on Peterson’s Eighth Amendment claim. Because I believe the majority incorrectly finds that this case hinges on who put whose hand in the cell, and because I would find that there remains a genuine issue of material fact as to excessive force, I respectfully dissent.
It is true that the hearing officer at Peterson’s misconduct hearing made factual findings related to the incident at issue. It is also true that, in certain circumstances, we are required to give preclusive effect to an agency’s factual findings in a proceeding collateral to a § 1983 action. *919 University of Tennessee v. Elliott, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). This principle, however, applies only where the claimant is attempting to relitigate the evidentiary questions raised at the prior state proceeding. Id. at 797-98, 106 S.Ct. 3220. It is my view that, although premised on the same set of facts, Peterson has brought a claim distinct from that determined by the hearing officer, and thus, the hearing officer’s finding, while relevant, is not dispositive.
Peterson’s misconduct hearing was conducted to resolve Johnson’s accusation of assault and battery; although related, this was not a hearing to determine if Johnson and Lindy used excessive force on Peterson. The distinction is critical to the scope of the preclusive effect afforded to the state proceedings. I do not take issue with -the majority’s determination that Peterson’s misconduct hearing was a state agency acting in a judicial capacity within the meaning of Elliot. My issue lies with its determination that the hearing officer’s finding precludes Peterson from bringing his Eighth Amendment claim for excessive force.
The majority opinion fails to consider that Peterson’s complaint alleged facts in addition to Johnson putting Peterson’s hand in the cell. The pleadings list other incidents as contributing to the allegations of excessive force, including Johnson and Lindy throwing Peterson to the floor, Johnson driving his knee into Peterson’s back, as well as an allegation that the handcuffs were too tight—resulting in nerve pain. Thus, regardless of the hearing officer’s finding that Peterson put Johnson’s hand in the cell door, the officers could still be found to have used excessive force in their attempts to subdue him. Moreover, a finding that Peterson was guilty of assault on Johnson does not necessarily preclude an excessive force claim—“[wjhere there is room for the facts alleged by the plaintiff and the facts essential to the judgment of the state agency to peacefully co-exist, the § 1983 must be allowed to go forward.” Lockett v. Suardini, 526 F.3d 866, 873 (6th Cir.2008) (internal citations and quotations omitted); see also Huey v. Stine, 230 F.3d 226, 230 (6th Cir.2000) (finding that “the question of the degree of force used by a police or corrections officer is analytically distinct from the question whethér the plaintiff violated the law”) (citation omitted), abrogated on other grounds by Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).
The Eighth Amendment’s prohibition on cruel and unusual punishment extends to the unnecessary and wanton infliction of pain upon prisoners. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir.2011). To prevail on the Defendants’ motion, Peterson must show that, objectively, the pain was sufficiently serious and, subjectively, that “the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.” Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).
While the majority recounts that Peterson’s injuries were “fairly minor and that he suffered no visible physical injuries[,]” the objective component can be satisfied where “the inmate does not suffer serious injury.” Hudson, 503 U.S. at 4, 112 S.Ct. 995. The Supreme Court made clear that this element is to be judged by the nature of the force, not the extent of the injury. Wilkins, 130 S.Ct. at 1178. As to the subjective component, Peterson averred that he did not resist officers Johnson and Lindy when they pulled him out of the cell. In fact, if we give preclusive effect to the *920 finding that Peterson was the initial aggressor, it is entirely possible that Johnson and Lindy acted maliciously or sadistically in response to Peterson’s provocation. See Hudson, 503 U.S. at 7, 112 S.Ct. 995.
Other than the “hand-in-cell” incident, Johnson and Lindy do not dispute Peterson’s version of the events that took place. Even if we give preclusive effect to the hearing officer’s finding that Peterson pulled Johnson’s hand into the cell, the law requires us, on review of a motion for summary judgment, to view the evidence in the light most favorable to Peterson where there is a dispute as to Johnson’s and Lindy’s malicious or sadistic intent. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
In conclusion, I believe that this case presents an instance in which granting preclusive effect to the hearing officer’s finding of fact as it relates to Peterson’s assault on Officer Johnson is not disposi-tive of Peterson’s subsequent § 1983 excessive force claim. The majority’s determination that this fact is indeed dispositive is the sole reason it would not succumb to our standard of review and reverse the judgment below. Because I would find differently and believe there remains a genuine issue of material fact regarding whether the degree of force used against Peterson was excessive, I would reverse the district court’s grant of summary judgment to the Defendants.