NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0429n.06

No. 18-6272

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Aug 19, 2019
DEBORAH S. HUNT, Clerk

CHASE EDWARD LUCAS, )
)
Plaintiff-Appellant, )
)
v. )
)
ALLEN CHALK, Warden, )
)
Defendant-Appellee. )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

Before: ROGERS, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Chase Edward Lucas, an inmate at a Tennessee state prison, filed a complaint alleging that a prison medical officer violated his Eighth Amendment and Fourteenth Amendment rights. The district court dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and further denied Lucas leave to amend his complaint. We now VACATE the dismissal order and REMAND with instructions to grant Lucas leave to amend.

I.

In this posture, we take Lucas's well-pleaded allegations as true. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Lucas is a convicted prisoner in the custody of the Tennessee Department of Correction at the state's Whiteville Correctional Facility. Lucas is bisexual and has been raped twice while in prison. In September (presumably of 2018, though the complaint does not specify), he approached Allen Chalk, the facility's mental health coordinator, and told Chalk about the rapes. He requested counseling and treatment for anxiety arising from those traumatic

experiences. Chalk replied that he thought Lucas was lying about the rapes because his administrative complaints had been classified "unsubstantiated for lack of evidence."[1] Regardless, Chalk added, Lucas was "bisexual anyway" and had "probably liked" being raped. On appeal, Lucas argues that Chalk then flatly refused to help him; but that critical allegation does not appear in the complaint. The complaint does not allege whether Chalk treated Lucas or not.

Lucas filed this complaint against Chalk under 42 U.S.C. § 1983, claiming that Chalk had violated his Eighth Amendment rights. The district court, reading the complaint as asserting both Eighth Amendment and Equal Protection claims, screened the complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a) and dismissed it for failure to state a claim. The district court also declined to allow Lucas a chance to amend his complaint because, in its view, any amendment would be futile. The court additionally certified that "any appeal in this matter by Lucas would not be taken in good faith." *See* 28 U.S.C. § 1915(a)(3). Furthermore, the district court said that because his complaint was dismissed "as frivolous or for failure to state a

---

[1] A little background is helpful here. Chalk's alleged assertion that the rape allegations were "unsubstantiated" used a term of art found in federal prison regulations. Under federal regulations promulgated pursuant to the Prison Rape Elimination Act (PREA), Pub. L. No. 108-79, 117 Stat. 972 (2003), prison officials investigating sexual assault allegations reach one of three conclusions: (1) that an allegation was "substantiated," which means that the alleged assault was "determined to have occurred"; (2) that an allegation was "unsubstantiated," meaning that "the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred"; or (3) that an allegation was "unfounded," meaning that the alleged assault was "determined not to have occurred." 28 C.F.R. § 115.5. Using these definitions, the fact that Lucas's rape allegations were deemed "unsubstantiated," even if true, would not be a determination that he was lying; instead it would amount to an acknowledgment that no definitive determination could be made either way. Thus, an "unsubstantiated" finding would not necessarily place Lucas outside the category of "inmates who have been victimized by sexual abuse in any prison" for whom DOJ regulations require medical evaluation and, as appropriate, treatment "consistent with the community level of care." *See id.* at § 115.83(a), (c).

claim," the court would assess one "strike" against him pursuant to the PLRA.[2]   Lucas timely

appealed.

## II.

Federal law requires that district courts screen prisoner filings and dismiss *sua sponte* if

the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

28 U.S.C. § 1915A(b)(1).  To assess whether a complaint fails to state a claim under this provision,

we apply the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) ("[T]he dismissal standard articulated in *Iqbal* and

*Twombly* governs dismissals for failure to state a claim under [§ 1915A(b)(1).]"  (citing *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007))).

We "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the

plaintiff." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897 (6th Cir. 2019).

Pro se litigants are not wholly exempt from pleading requirements, *see Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989), but at the same time their filings "are to be held 'to less stringent

standards than formal pleadings drafted by lawyers' and should therefore be liberally construed,"

*Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Despite

this leniency, however, we may not fill in missing allegations ourselves.  *See Wells*, 891 F.2d at

594 (stating that federal courts, despite the lenient standard for pro se litigants, have not "been

---

[2] Pursuant to the PLRA, if a court determines that a prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner is barred from filing any civil lawsuit in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

willing to abrogate basic pleading essentials in pro se suits"); *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) ("Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." (quotation marks omitted)); *Johnson v. Fuss*, 350 F. App'x 311, 312 (10th Cir. 2009) ("While a court must construe a pro se litigant's pleadings 'liberally,' . . . it must not 'assume the role of advocate for the pro se litigant.'" (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991))). We review a dismissal for failure to state a claim de novo. *See Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). With these standards in mind, we conclude that the original complaint failed to state a claim.

Lucas, now assisted by able counsel, argues on appeal that he has stated viable Eighth Amendment and Equal Protection claims because he "sought mental health care after being raped twice" and, in response, Chalk "ridiculed him *and* refused to see him." (emphasis added). But the allegation that Chalk refused to treat Lucas does not appear in the pro se complaint. And without that allegation, Lucas has not stated claims for relief. An Eighth Amendment claim necessarily requires showing that a government official took, or failed to take, action with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Along the same lines, absent allegations that Chalk refused to help Lucas because of his sexual orientation, there is no Equal Protection violation. *See Ctr. for Bio-Ethical Reforms, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).

## III.

We cannot agree, however, with the district court's conclusion that amending the complaint would be futile. Usually we review denials of leave to amend for abuse of discretion, but when

(as here) the denial is based solely on the futility of amendment, we review de novo. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

Even when a prisoner's complaint is dismissed *sua sponte* under the PLRA, the ordinary rules for allowing leave to amend the complaint still apply. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Federal Rule of Civil Procedure 15(a) dictates that "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, . . . [t]he court should freely give leave [to amend] when justice so requires." "In the absence of any apparent or declared reason" for denying leave—and none appears here—"the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Appellate counsel now makes clear what Lucas's pro se complaint did not—that his true claim is that Chalk *refused to treat him* because he was bisexual and therefore "probably liked" being raped. That allegation, if made, would surely state a claim. Refusing, on the basis of a prisoner's sexual orientation, to provide generally available mental-health treatment to a prisoner who had been raped would violate Equal Protection because such conduct could not survive even rational-basis review. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012); *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 261 (6th Cir. 2006); *Stemler v. City of Florence*, 126 F.3d 856, 873–74 (6th Cir. 1997). And the shocking remark that Lucas probably *liked* being raped because he is bisexual would be potent evidence in support of such a claim. Likewise, we do not doubt that the psychological trauma from being raped twice in prison could give rise to a "substantial risk of serious harm" such that a deliberate refusal to treat a victim could violate the Eighth Amendment. *See Nelson v. Shuffman*, 603 F.3d 439, 448–49 (8th Cir. 2010) (declining summary judgment on a deliberate indifference claim where the doctor had failed to

treat a prisoner for "psychological trauma" arising from "violent sexual assault"); *cf.* 34 U.S.C. § 30301(1), 14(d) ("Victims of prison rape suffer severe physical and psychological effects[,] . . . [including] post-traumatic stress disorder, depression, suicide, and the exacerbation of existing mental illnesses.").

Although the district court held that the PLRA barred Lucas's complaint, *see* 42 U.S.C. § 1997e(e), we will not resolve the underlying, unsettled question of statutory interpretation without the benefit of adversarial briefing. For now, we need only say that damages for "mental or emotional injury" might yet be available to Lucas, insofar as he is able to allege "the commission of sexual assault." 42 U.S.C. § 1997e(e). Moreover, an amended complaint might seek different relief—for example, injunctive relief, nominal damages, compensatory or punitive damages for constitutional violations, or other relief not prohibited by the PLRA. *See King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) ("The statute provides that a prisoner may not bring a civil action for mental or emotional injury unless he has also suffered a physical injury. It says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries." (citation omitted)); *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003) (upholding an award of $750 in compensatory damages and $250 in punitive damages for each First Amendment violation). Accordingly, the PLRA does not render all possible amendments futile, as it appears the district court concluded.

Generally, "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (alteration in original) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1483 (3d ed. 2010)); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("It should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments

to a complaint.'" (alteration omitted) (quoting *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015))). With the benefit of appellate counsel's briefing, we are able to identify a crucial factual assertion that, if pled, would have saved the original pro se complaint from sua sponte dismissal. Thus, "justice . . . requires" that Lucas have a chance to amend his complaint. Fed. R. Civ. P. 15(a)(2).[3]

* * *

For the above reasons, we VACATE the dismissal and REMAND with instructions to grant Lucas leave to amend his complaint.

---

[3] If Lucas's amended complaint states a viable claim or claims for relief, the district court's original dismissal in this case will not count as a PLRA "strike" against Lucas because there will be no final judgment of dismissal. *See* 28 U.S.C. § 1915(g) (specifying that a "strike" applies where the prisoner "brought an *action* . . . that was dismissed" (emphasis added)).