**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0609n.06

Case No. 20-5464

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Oct 26, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VALHALLA INVESTMENT PROPERTIES, LLC, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED |
| FLEX YIELD INVESTMENTS, LLC, | ) ) | STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF |
| Plaintiff, | ) ) | TENNESSEE |
| v. | ) ) ) | |
| 502, LLC; WILLIAM E. KANTZ, JR.; JOHN BRADFIELD SCARBROUGH, | ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE: McKEAGUE, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Is a limited liability company a "natural person"? This question is the heart of Valhalla Investment Properties' appeal. It is also easy: No.

I.

William Kantz, Henry Hood, and Valhalla Investment Properties formed a limited liability company named Flex Yield Investments. Flex Yield bought and leased two condominiums in Nashville, Tennessee.

To settle some debt and get cash on hand, Flex Yield struck a deal with First Bank. Flex Yield (which had sold off one condominium) gave First Bank title to its only remaining

condominium as security for a monetary loan. The plan was for Flex Yield to ultimately pay back this loan and regain title to the condominium. The three members of Flex Yield split up the loan as "member advances" and agreed that each would be responsible for paying back their share to the company.

But Kantz had financial troubles, and as they worsened, he dragged Flex Yield down with him. He kept Flex Yield from leasing the secured condominium (its only source of income) and refused to pay back his member advance even though Flex Yield's deadline to fulfill the First Bank obligation was approaching. Eventually Flex Yield defaulted, and First Bank started foreclosure proceedings on the condominium.

Meanwhile Kantz set in motion his own business venture. He formed 502, LLC (of which he is the sole member) days before the scheduled foreclosure sale. This new company then bought First Bank's right to collect on Flex Yield's outstanding obligation to First Bank (and the bank's corresponding security interest in the condominium). Through its agent, 502, LLC also communicated with Flex Yield, Hood, and Valhalla about the First Bank obligation. Finally, the company foreclosed on the condominium, and the property sold well below market price.

Valhalla and Flex Yield sued Kantz, his new company, and the company's agent in federal court. They sought relief under the Fair Debt Collection Practices Act ("FDCPA") and state law. *See* 15 U.S.C. § 1692 *et seq.* Defendants moved to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The district court dismissed the FDCPA claim and declined to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Valhalla now appeals the FDCPA dismissal.

II.

We review the dismissal for failure to state a claim de novo, accepting as true all facts alleged in the complaint. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Because Valhalla and Flex Yield have not set forth a plausible claim for relief, the district court was correct to dismiss. *Id.*

The FDCPA proscribes unfair and abusive practices to collect a particular type of debt—consumer debt. 15 U.S.C. §§ 1692a(5), 1692d–1692g. Only "natural person[s]" can be consumers. *Id.* § 1692a(3); *see Anarion Invs. LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568, 570 (6th Cir. 2015). So the FDCPA only regulates the collection of *natural persons'* obligations to pay money.

Valhalla and Flex Yield allege only that the defendants sought collection on the First Bank obligation—an obligation that Flex Yield alone owes. Thus, the FDCPA applies only if Flex Yield is a natural person (*i.e.*, a human being). 15 U.S.C. §§ 1692a(3), (5), 1692d–1692g; *Black's Law Dictionary* 1028 (5th ed. 1979); *cf. FCC v. AT&T Inc.*, 562 U.S. 397, 403–07 (2011) (describing corporations as "artificial entities" and concluding that they do not have "personal privacy"). We agree with the district court: Flex Yield is not a human being.

Rather than pretend otherwise, Valhalla tries to redefine the relevant payment obligation to squeeze a natural person into the picture. The First Bank obligation was part of a larger set of transactions, it says, and one of those transactions was the agreement that Flex Yield's members would pay back their respective member advances to Flex Yield. But the defendants never tried to collect money from Hood or Kantz (natural persons) to satisfy their obligations to Flex Yield. Instead, the defendants bought First Bank's right to repayment, secured title to the condominium,

and facilitated foreclosure. All of this was part of an attempt to collect payment on Flex Yield's obligation to First Bank.

No natural person, no FDCPA protection.

In short, no relief.[*]

III.

There are still a few matters to sort out.

*Early Discovery.* Valhalla says the district court wrongly denied its request to engage in early discovery. *See* Fed. R. Civ. P. 26(d)(1), 34. But there was no reason to grant the request. No evidence was necessary to establish jurisdiction, and no amount of discovery could transform Flex Yield into a natural person. *See Green v. Nevers*, 196 F.3d 627, 631–32 (6th Cir. 1999); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). As for the state-law claims, which the district court did not entertain, the plaintiffs will have their chance to seek discovery in state court. Thus, the district court did not abuse its discretion in denying early discovery. *See Thomas v. Nuss*, 353 F.2d 257, 258 (6th Cir. 1965) (standard of review).

*Joinder.* Defendants express confusion whether Flex Yield, which was not included in Valhalla's initial complaint, is a plaintiff in this case. (They cryptically suggest that Flex Yield's party status may impact the taxation of costs following this appeal.) But Valhalla properly amended its complaint to add Flex Yield as a plaintiff. Fed. R. Civ. P. 15(a)(1), 20(a)(1). It did not need to do anything more. *See* 4 *Moore's Federal Practice* § 20.02[2][a][ii] (Matthew Bender 3d ed. 2020).

*Sanctions.* Defendants request attorney fees and sanctions for Valhalla's "frivolous" appeal. *See* 28 U.S.C. § 1927; Fed. R. App. P. 38. Of course, we do not impose such penalties

---

[*] Valhalla's motion to take judicial notice is denied. Kantz's alleged refusal to maintain Flex Yield's "good standing" under Delaware law—what Valhalla seeks to prove—is irrelevant to this appeal.

every time a case lacks merit. *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (discussing when sanctions and attorney fees are appropriate). Defendants have not provided any meaningful argument or authority showing that Valhalla's actions before *this court* warrant sanctions, so they have abandoned this point. *See* Fed. R. App. P. 28(a)(8)(A), (b); *United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999).

We affirm.