**Charles S. CONNER, Plaintiff–Appellant,**

v.

**Thomas E. GREEF, individually and as an agent, servant and employee of the Federal Mediation and Conciliation Service; C. Richard Barnes, individu-**

ally and as director of the Federal Mediation and Conciliation Service, and agency of the federal government of the United States; Federal Mediation and Conciliation Service, an independent agency of the United States Government, Defendants–Appellees.

No. 03–5986.

United States Court of Appeals, Sixth Circuit.

April 26, 2004.

Charles S. Conner, Germantown, TN, pro se.

Before SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.[*]

*ORDER*

Charles S. Conner, a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to 9 U.S.C. § 10 (the Federal Arbitration Act) ("FAA"), 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and Tennessee state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Conner purported to bring this action on behalf of "a class of hourly-paid workers in excess of forty-years of age; whose employment is covered by a collective bargaining agreement in a contractual format with specific work rules as forged with management through a recognized segment of organized labor and formal unionization of employees." Named as defendants are the Federal Mediation and Conciliation Service ("FMCS"), the director of the FMCS (C. Richard Barnes), and an arbitrator-mediator employed by the FMCS (Thomas E. Greef). Conner is a newspaper reporter who was formerly employed by the Memphis Publishing Co. His employment with the newspaper company was terminated at some unspecified time, perhaps due to absences from work necessitated by his child care responsibilities. The collective bargaining agreement required that all grievances with management be submitted to arbitration. An ar-

bitration hearing was conducted on October 30, 2001, and the arbitrator issued his decision on January 10, 2002. Although the complaint does not specifically say so, it is assumed that the award was adverse to Conner. The complaint alleged that the arbitrator made numerous factual and legal errors that indicated a bias against Conner.

Conner alleged that on April 10, 2002, and again on January 6, 2003, he communicated to the FMCS, through defendant Barnes and others, the numerous errors in the award. On January 7, 2003, the general counsel for the FMCS advised Conner that "our Agency has no authority over the issues raised." Conner contends that, to date, the FMCS has failed to "either recognize or make any effort to rectify, the harmful errors" contained in the award. Conner sought to have the award vacated. He also sought injunctive and monetary relief.

The district court dismissed the complaint sua sponte for lack of subject matter jurisdiction, and Conner filed a timely notice of appeal. Conner's brief on appeal is construed as raising the same claims that were raised in the district court.

We review de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990). "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, where a complaint is "to-

---

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

tally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter jurisdiction over the action. *Id.* (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

■ It is well-established that the FAA does not create any independent federal question jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Therefore, to file an action in federal court to vacate an arbitration award under the FAA, Conner must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question apart from the FAA. *See Smith Barney, Inc. v. Sarver,* 108 F.3d 92, 95 (6th Cir.1997). Conner has failed to plead any facts giving rise to diversity jurisdiction or a federal question apart from the FAA for the reasons stated by the district court.

■ First, although Conner could presumably attempt to invoke diversity jurisdiction with respect to his claims against defendant Greef, subject-matter jurisdiction would be lacking even if it is assumed that there is complete diversity. The allegations in Conner's complaint make clear that defendant Greef is sued solely for his actions as an arbitrator. The law is clear that Greef is absolutely immune from civil liability for any action taken in his official capacity as an arbitrator. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Greyhound Lines, Inc.,* 701 F.2d 1181, 1185–86 (6th Cir.1983).

■ Second, Conner cannot maintain an action against defendant Barnes and the FMCS pursuant to 42 U.S.C. § 1981. To sustain a § 1981 employment discrimination claim, a plaintiff must establish that the employer purposefully discriminated against him or her. *See Jackson v. RKO Bottlers of Toledo, Inc.,* 743 F.2d 370, 378 (6th Cir.1984). Conner has not alleged that Barnes and the FMCS purposefully discriminated against him on the basis of a suspect classification. In any event, there is no basis for a § 1981 claim against individuals acting under color of federal law. *Lee v. Hughes,* 145 F.3d 1272, 1277 (11th Cir.1998).

■ Third, Conner cannot maintain a § 1983 action against Barnes and the FMCS. To state a claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by one acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brotherton v. Cleveland,* 923 F.2d 477, 479 (6th Cir.1991). Absent either element, a claim is not cognizable under § 1983. The FMCS is a federal agency and, therefore, it acts under color of *federal* law. Likewise, Conner's claim against defendant Barnes arises out of Barnes's actions as the director of the FMCS and, therefore, he acts under color of *federal* law. The federal government and its officials are not subject to suit under 42 U.S.C. § 1983. *Ana Leon T. v. Fed. Reserve Bank,* 823 F.2d 928, 931 (6th Cir. 1987). Moreover, the complaint contains no allegation that Barnes and the FMCS deprived Conner of any right secured by the Constitution or laws of the United States.

■ Fourth, Conner's § 1985 claim was subject to dismissal for the reason stated by the district court as well. To state a claim under this provision, Conner had to establish a conspiracy by the defendants to deny him equal protection of the laws, motivated by racial or class animus, which caused him injury. *Bass v. Robinson,* 167

F.3d 1041, 1050 (6th Cir.1999). The complaint contains no allegations that suggest either that Conner was deprived of the equal protection of the laws or that any of the defendants were motivated by racial or class animus. Further, the complaint fails to mention a conspiracy, let alone identify any of its members.

Lastly, § 1986 contains no substantive provisions and was enacted only to enforce § 1985; the district court properly dismissed this claim as well. *See* 42 U.S.C. § 1986; *Bass*, 167 F.3d at 1051 n. 5.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.