NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  17a0531n.06

Case No. 16-6542

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 14, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KELVIN HARDIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., | ) | TENNESSEE |
| | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  SILER, SUTTON, and WHITE, Circuit Judges.

**SILER**, Circuit Judge.   Kelvin Hardin appeals from the district court's grant of Defendant's motion to dismiss on grounds of failure to state a claim.   Hardin asserts that Defendant Finkelstein, Kern, Steinberg & Cunningham, P.C. ("FKSC") violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(11),[1] by failing to disclose that certain communications came from a debt collector.   He identifies four state-court documents that, in his view, require a particular disclosure about debt collection: (1) FKSC's motion to set aside an agreed judgment, (2) order to set aside an agreed judgment, (3) default judgment, and (4) judgment lien.   We **affirm** the district court's judgment because the court filings and motion are not actionable communications as defined under § 1692e(11).

---

[1]Although Hardin alleged other violations of the FDCPA, he appeals only the district court's judgment as to alleged violations § 1692e(11).

I

In October 2014, FKSC filed a collection action on behalf of Cavalry Investments, LLC ("Cavalry") against Hardin in Tennessee Circuit Court.[2] At a court hearing, Hardin agreed to a judgment entered against him, stipulating that he would pay $200.00 per month for three months, beginning in November 2014, toward the full debt of $15,680.86. Hardin also agreed to contact FKSC and arrange a payment plan to satisfy the full amount. After noticing that the court documents reflected a total judgment of only $600, FKSC moved to correct the judgment amount. Because Hardin had already left the courtroom, the court advised FKSC to file a written motion to set aside the judgment, after which the court would correct the matter at a later hearing.

FKSC sent Hardin a letter, both requesting to discuss the erroneous judgment and inquiring about a payment plan for the full amount of $15,680.86. FKSC received no response from Hardin so FKSC sent another letter to Hardin, informing him of a hearing on setting aside the judgment scheduled for March 2015.

After receiving no response, FKSC filed a motion to set aside the judgment in the Jefferson County General Sessions Court and purportedly sent Hardin a copy of the motion as well as the proposed order. Hardin did not respond and failed to make the monthly payments stipulated in the prior judgment. In December 2014, that court set aside the judgment. At the hearing in March 2015, the court entered a default judgment for FKSC in the amount of "$15,680.86, plus interest at the rate of 5.25%." FKSC then secured a judgment lien by filing the judgment with the Jefferson County Register of Deeds.

---

[2]FKSC does not contest that Hardin has sufficiently alleged facts supporting a conclusion that FKSC is a debt collector as defined under the FDCPA. *See* 15 U.S.C. § 1692a(6).

In May 2015, FKSC sent Hardin a collection letter, informing him that a judgment lien had been registered with the county. Each of these letters contained the required disclosure. Both Hardin's employer and credit union began garnishing his funds. Hardin responded to the letter, representing that he never received a copy of the motion to set aside judgment, order setting aside judgment, default judgment, or judgment lien.

Hardin sued FKSC in state court, alleging, among other claims, that the default judgment should be set aside as void for lack of subject-matter jurisdiction and for damages and restitution under state law and the FDCPA. Hardin asserted that certain documents failed to disclose FKSC as a debt collector, thereby violating its disclosure obligations under 15 U.S.C. § 1692e(11). Hardin identified only four documents as actionable communications: (1) motion to set aside an agreed judgment, (2) order to set aside an agreed judgment, (3) default judgment, and (4) judgment lien.

On removal to federal court, FKSC moved to dismiss on the basis of failure to state a claim. The district court granted the motion on grounds that all asserted documents were exempt from the disclosure requirement because they were "formal pleading[s] made in connection with a legal action" under § 1692e(11).

## II

We review de novo a grant of a motion to dismiss for failure to state a claim. *See Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013); Fed. R. Civ. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Statutory interpretation is a question of law reviewed de novo. *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011). We may affirm the dismissal of claims on alternative grounds

supported by the record. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 428–29 (6th Cir. 2016).

III

Hardin asserts that FKSC's motion in the state court, the state court's own adjudicative actions, and the act of securing a judgment lien through registration with county records all constitute communications from a debt collector to a consumer. Those actions, says Hardin, must contain the disclosures prescribed in 15 U.S.C. § 1692e(11).

Although the district court dismissed on the grounds that the asserted documents were "formal pleadings" exempt from the disclosure requirements of § 1692e(11), we affirm on the alternative basis that Hardin failed to allege actionable communications between a debt collector and consumer. *City Mgmt. Corp v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994) (citation omitted). A debt collector violates 15 U.S.C. § 1692e(11) when it fails to identify itself as a debt collector when communicating with the consumer:

> The failure to disclose in the initial written *communication with the consumer* and in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).**³** The FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly *to any person* through any medium." § 1692a(2)(emphasis added). A "debt collector" means "*any person* who uses any

---

**³**By its terms, 15 U.S.C. § 1692e(11) qualifies "initial communication[s]" as "with the consumer," while referencing "subsequent communications" without the consumer qualifier. Even assuming a distinction exists between actionable initial and subsequent communications, Hardin failed to demonstrate how the asserted documents constituted communications from a debt collector as defined under the FDCPA.

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6) (emphasis added). The Dictionary Act defines a person as "corporations, companies, associations, firms . . . as well as individuals." 1 U.S.C. § 1.

The order to set aside an agreed judgment, default judgment, and judgment lien cannot constitute communications between the FKSC and Hardin for purposes of triggering the FDCPA's disclosure requirements. The listed orders and entries were issued by the court (a nonperson)—not the FKSC. *See id.* The adjudicative process cannot be construed as communications from the debt collector to the debtor.

As for FKSC's motion to set aside the judgment, it is likewise outside the ambit of protection under the FDCPA because Hardin claims that he never received the motion. Thus, the motion cannot be deemed a "communication with the consumer."

**AFFIRMED**.