RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0019p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

VICTORIA G. COLLIN,

*Petitioner-Appellant,*

*v.*

COMMISSIONER OF SOCIAL SECURITY,

*Respondent-Appellee.*

┐
│
│
├ No. 17-3733
│
│
┘

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:16-cv-02508—Christopher A. Boyko, District Judge.

Decided and Filed: January 31, 2018

Before: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Lester S. Potash, Beachwood, Ohio, for Appellant. Erin E. Brizius, Ruchi Asher, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge. Victoria Collin brought suit against the Commissioner of Social Security to recover moneys she says are "due and owing" as a result of the Commissioner's failure, for about a year, to garnish certain benefits paid to her ex-husband. The district court dismissed the suit on grounds of sovereign immunity. We affirm.

Collin divorced James Jacobs several decades ago.  In 1990, an Ohio state court ordered Jacobs to pay Collin $13,800 in child-support payments and attorney fees.  Sometime thereafter Jacobs began to receive social-security benefits, but at no time, apparently, did he pay Collin the money he owed her.  By January 2014, with interest, Jacobs's arrearage totaled $45,356.  That month the state court entered an order directing the Commissioner to garnish that amount from Jacobs's social-security payments.  In September 2014 the Commissioner agreed to honor that order, and thus to withhold approximately $700 per month from Jacobs's benefits payments and to forward the funds to the Cuyahoga County Clerk of Courts until the arrearage was paid off.  *See generally* 42 U.S.C. § 659.  Accordingly, until October 2015, the Commissioner sent garnished funds to the state-court clerk, though on two occasions—in May and October 2015— the Commissioner paid a larger sum, apparently in each instance to make up for the Commissioner's failure to make payments in prior months.  At any rate, in October 2015 the Commissioner mistakenly terminated the garnishment altogether.

A year later Collin brought this suit, which took the form of a petition for mandamus in the district court.  The petition asked the district court to order the Commissioner both to resume the garnishment and to pay a lump sum equal to the amount the Commissioner had failed to garnish after the October 2015 termination.  In January 2017—three months after the petition was filed—the Commissioner voluntarily resumed the garnishment.  Soon thereafter the district court granted the Commissioner's motion to dismiss, holding that Collin's request to resume the garnishment was moot (because the Commissioner had done so already) and that Collin's demand for a lump-sum payment was one for "money damages," as to which the United States was immune from suit.  We review the court's dismissal de novo.  *S. Rehab. Grp., P.L.L.C. v. Sec'y of Health & Human Servs.*, 732 F.3d 670, 676 (6th Cir. 2013).

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit."  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) (internal quotation marks omitted).  Here, Collin argues that the United States has consented to this litigation by means of 42 U.S.C. § 659(a).  That subsection provides in relevant part that moneys

payable by[] the United States . . . to any individual . . . shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to withholding in accordance with State law . . . to enforce the legal obligation of the individual to provide child support or alimony.

Pursuant to § 659, the Office of Personnel Management has promulgated a regulation (whose validity is not contested here) that in turn provides: "Neither the United States, any disbursing officer, nor any governmental entity shall be liable under this part to pay money damages for failure to comply with legal process." 5 C.F.R. § 581.305(e)(2). Thus, the parties agree, the question presented here is whether Collin's demand for a lump-sum payment is a demand for money damages.

The Supreme Court has "long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order . . . for the recovery of specific property *or monies*[.]" *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (internal quotation marks omitted). Money damages are thus compensatory relief, which serve as a "*substitute* for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." *Id*. at 895 (internal quotation marks omitted).

This distinction is harder to make when, as here, the very thing to which the plaintiff says she is entitled is the payment of money. In *Bowen*, the Court held that "[t]he State's suit to enforce § 1396b(a) of the Medicaid Act, which provides that the Secretary [of Health and Human Services] 'shall pay' certain amounts for appropriate Medicaid services, is not a suit seeking money in *compensation* for the damage sustained by the failure of the Federal Government to pay as mandated; rather, it is a suit seeking to enforce *the statutory mandate itself*, which happens to be one for the payment of money." *Id*. at 900 (second emphasis added). Here the statutory mandate is different in kind. Specifically, under 42 U.S.C. § 659, the government obligated itself "to withhold[]" approximately $700 per month from benefits owed to Jacobs, and to pay those moneys to the Cuyahoga County Clerk of Courts. The government did not withhold those funds between October 2015 and January 2017, and cannot do so now because those benefits have already been paid. The lump sum that Collin seeks now, therefore, would be a

substitute for moneys the government should have withheld then. Thus, the relief she seeks for those missed payments is not enforcement of "the statutory mandate itself"—as to those payments, rather, the time for "withholding[,]" 42 U.S.C. § 659(a), is long since past—but instead money damages for the government's prior failure to withhold. *See Dep't of Army v. FLRA*, 56 F.3d 273, 276 (D.C. Cir. 1995) (where the statutory mandate was only to provide "notice" of the "Army's pay-lag policy," interest charges to compensate employees for the government's failure to provide such notice were money damages).

The government therefore has not waived its immunity as to Collin's demand for a lump-sum payment. Nor did the government waive that immunity by making payments larger than $700 in May and October 2015 (to make up for missed payments in the months before), since only Congress by legislation, rather than the Commissioner by conduct, can waive the government's sovereign immunity. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). It bears mention, finally, that our decision does not mean that Collin will never receive the payments she seeks in a lump sum now. To the contrary, she will receive them as part of the future stream of payments that the Commissioner will make (one hopes without further mistakes by the government) until Jacobs's arrearage is finally paid off.

The district court's judgment is affirmed.