**MILLER, Appellant,**

v.

**WASHINGTON STATE COMMUNITY COLLEGE, Appellee.**

[Cite as *Miller v. Washington State Community College* (1997), 121 Ohio App.3d 78.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 97 CA 1.

Decided June 26, 1997.

*Fortney & Klingshirn* and *Michael L. Fortney,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jan Alan Neiger,* Assistant Attorney General; *Theisen, Brock, Frye, Erb & Leeper Co., L.P.A.,* and *Colleen E. Cook,* for appellee.

PETER B. ABELE, Judge.

This is an appeal from a Washington County Common Pleas Court judgment dismissing an action filed by Betty L. Miller, plaintiff below and appellant herein, against Washington State Community College, defendant below and appellee herein.

Appellant assigns the following error:

"WSCC is a political subdivision that may be sued in the court of common pleas. Thus, the trial court erred in dismissing the complaint."

On June 14, 1996, appellant filed the instant complaint against appellee. In the complaint, appellant alleged that appellee declined to renew her employment in her position as director of the Associate Degree of Nursing program, without the required one-year notice. Appellant further alleged that appellee nonrenewed her in retaliation for her successful workers' compensation claim and in retaliation for her insistence on compliance with regulations of the Ohio Board of Nursing and standards of the National League for Nursing.

On July 12, 1996, appellee filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. In support of the motion, appellee cited *Mihalcin v. Hocking College* (Dec. 14, 1995), Franklin App. No. 95API06–760, unreported, 1995 WL 739686, *Nimmo v. S. State Community College* (Feb. 11, 1985), S.D.Ohio W.D. No. C–1–83–738, unreported, and 1992 Ohio Atty.Gen.Ops. No. 92–

034, fn. 3. Appellee argued that the Ohio Court of Claims has exclusive subject matter jurisdiction over actions brought against appellee.

On January 8, 1997, the trial court granted appellee's motion to dismiss.

Appellant filed a timely notice of appeal.

In her sole assignment of error, appellant asserts that the trial court erred by dismissing her complaint for lack of subject matter jurisdiction. Appellant argues that the trial court's ruling ignores the intent of the Ohio General Assembly in defining state community colleges as political subdivisions, ignores the prior holding of our court and other courts that state community college employees are employees of a political subdivision, and ignores holdings of other courts that state community colleges are subject to suit in the courts of common pleas. In support of this argument, appellant cites *Shawnee State Community College v. Coriell* (Feb. 2, 1981), Scioto App. No. 1260, unreported, 1981 WL 5907, and *Studebaker v. Edison State Community College* (Jan. 16, 1991), Miami App. No. 90–CA–6, unreported, 1991 WL 3819. Appellant contends that appellee is a political subdivision of the state and, therefore, the trial court has jurisdiction over this action.

Appellee argues that pursuant to R.C. Chapter 2743, lawsuits brought against the state must be brought in the Ohio Court of Claims.[1] Appellee further argues that state community colleges are instrumentalities of the state and therefore not subject to common pleas court jurisdiction. In support of this argument, appellee notes that state community colleges, which exist within state community college districts created and defined by R.C. Chapter 3358, are governed by boards of trustees appointed by the governor with the advice and consent of the state senate.[2] Appellee concedes that R.C. 3358.01(A) defines a "state community college district" as a political subdivision. Appellee argues, however, that court decisions, including *Nimmo v. S. State Community College* (Nov. 19, 1985), S.D.Ohio No. C–I–83–738, unreported, *Mihalcin, supra,* and *Dodds v. Clark State Community College* (Mar. 12, 1997), Clark C.P. No. 97–CV–0200, unreported, and an Attorney General opinion, 1992 Ohio Atty.Gen.Ops. No. 92–034, at fn. 3, have noted that the Ohio Court of Claims has exclusive original jurisdiction to hear suits brought against state community colleges.

---

**1.** R.C. 2743.02 provides as follows:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

**2.** R.C. 3358.03 provides as follows:

"The government of a state community college district is vested in a board of nine trustees who shall be appointed by the governor, from within the district, with the advice and consent of the senate. * * *"

■ When considering a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the court must determine whether the complaint raises any action cognizable in that court. See *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644; *Westside Cellular, Inc. v. N. Ohio Cellular Tel. Co.* (1995), 100 Ohio App.3d 768, 770, 654 N.E.2d 1298, 1299. We must determine whether the trial court erred by holding that appellant's complaint did not state any action cognizable in that court.

■ In the case *sub judice*, we agree with appellee that lawsuits against state community colleges must be brought in the Ohio Court of Claims. In *Nimmo v. S. State Community College* (Nov. 19, 1985), S.D.Ohio No. C–I–83–738, unreported, the court engaged in a detailed analysis of whether state community colleges are arms of the state subject to suit only in the Ohio Court of Claims pursuant to R.C. 2743.01 *et seq.* or whether state community colleges are autonomous political subdivisions of the state subject to suit in the common pleas courts. The court wrote as follows:

"Ohio has statutorily created, *inter alia*, three types of institutions for higher education. They are, the state college or university * * * the state community college * * * and the community college. The first, the state college or university, is clearly an arm of the state * * *. The third type of institution, the community college, is not an arm of the state; rather it is a political subdivision * * *. Ohio courts have not ruled upon the status of institutions in the second category of which SSCC [Southern State Community College] is a member. The Court holds that, for the following reasons, SSCC, a state community college, is an arm of the state of Ohio * * *.

" * * * *

" * * * * A state community college district is created by the Ohio Board of Regents pursuant to R.C. 3358.02. Although a 'state community college district' is called a political subdivision in O.R.C. Section 3358.01(A), this nomenclature is neither explained in, nor supported by, the rest of the statute. In comparison, a community college district, also named a political subdivision in the statute's definitional section, O.R.C. Section 3354.01, has its status further defined in O.R.C. Section 3354.03 which is captioned 'District to be political subdivision.' Section 3354.03 provides in relevant part:

" 'A community college district organized pursuant to section 3354.02 of the Revised Code shall be a political subdivision of the state and a body corporate with all the powers of a corporation, existence, with power to sue and be sued, to incur debts, liabilities, and obligations, to exercise the right of eminent domain and of taxation and assessment as provided in sections 3354.01 to 3354.18 inclusive * * *.'

"Such a section is conspicuously absent from chapter 3358, nor is Section 3354.03 cross-referenced to apply to state community colleges as are other sections of chapter 3354. See O.R.C. Section 3358.10. Moreover, because a state community college has not been given the power to sue or be sued, it appears that Ohio considers the state community college an arm of the state to be covered by the Court of Claims Act, O.R.C. Section 2743.01–.20, in which the state specifically consents to be sued before the Court of Claims.

" * * *

"Many other indicia of SSCC's overall lack of autonomy from the state exist in the statutes. For example, all nine trustees of SSCC are appointed by the governor with the advice and consent of the senate. O.R.C. Section 3358.03. * * *

"In sum, taking into account the status of state community colleges in comparison with state universities and community colleges, the Court concludes that SSCC is not autonomous from the state * * * ."

In *Mihalcin v. Hocking College* (Dec. 14, 1995), Franklin App. No. 95API06–760, unreported, the court commented with approval upon the *Nimmo* decision as follows:

"The Federal District Court for the Southern District of Ohio did arrive at the conclusion that a state community college 'is an arm of the State of Ohio' and therefore was not a political subdivision. It made such distinction after first stating that 'Ohio courts have not ruled on the status of institutions in the second category of which SSCC is a member' *i.e.,* state community colleges. However, the state law might be on point regarding state community colleges; the court's determination was strictly limited to state community colleges, and did not pertain to technical colleges. As a matter of fact, the federal court found that there was a difference in the formation, structure and operation between state community colleges and community and technical colleges and that the latter were not arms of the state, but rather, were political subdivisions of the state."

In *Dodds, supra,* the Clark County Common Pleas Court found it lacked subject matter jurisdiction to hear an action brought against the Clark State Community College. See, also, *Thompson v. S. State Community College* (June 15, 1989), Franklin App. No. 89–AP–114, unreported, 1989 WL 65450, in which the court of appeals reviewed an Ohio Court of Claims decision in an action brought against a state community college.

The Ohio Attorney General has refrained from disturbing the *Nimmo* holding that state community colleges must be sued in the Ohio Court of Claims. In 1992 Ohio Atty.Gen.Ops. No. 92–034, the Attorney General wrote as follows:

"The conclusion that a state community college formed in accordance with R.C. Chapter 3358 is not a 'state agency,' as defined in R.C. 1.60 and R.C. 121.41(D), for purposes of the Inspector General's investigatory jurisdiction under R.C. 1221.42(A), *is not intended to call into question prior determinations that a state community college is an arm or instrumentality of the state* for purposes of either the immunity from suit conferred upon the state by the eleventh amendment to the United States Constitution, or the jurisdiction provisions of the Ohio Court of Claims act, R.C. 2743.01–.20, see *Nimmo v. Southern State Community College,* No. C–I–83–738, slip op. at 4 and 6 (S.D.Ohio November 19, 1985) (holding that Southern State Community College 'is an arm of the state of Ohio and therefore entitled to Eleventh Amendment immunity,' and also noting that *Ohio appears to consider a state community college an arm of the state and covered by Ohio's Court of Claims act* ) * * *." (Emphasis added.) *Id.*

In conclusion, based upon *Nimmo, Mihalcin, Dodds,* and 1992 Ohio Atty.Gen. Ops. No. 92–034, we find that the trial court correctly determined that it lacks subject matter jurisdiction to hear this action against a state community college. The proper forum for appellant's complaint is the Ohio Court of Claims.

Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.

*Judgment affirmed.*

STEPHENSON, P.J., and KLINE, J., concur.