KETHLEDGE, J., delivered the opinion of the court in which McCALLA, D. J., joined. DONALD, J. (pp. 571-74), delivered a separate dissenting opinion.
*569 OPINION
KETHLEDGE, Circuit Judge.
This appeal concerns the meaning of the word “person” as used in the Fair Debt Collection Practices Act (FDCPA or Act), 15 U.S.C. § 1692 et seq. Anarion Investments is a Delaware limited liability company owned and controlled by the attorney representing it in this appeal, Scott Johan-nessen. Anarion sued the defendants under the Act, alleging they made false representations pursuant to the foreclosure sale of a home on which Anarion held an option to buy. The district court dismissed the suit on the pleadings, holding that Anarion is not a “person” under the Act. We respectfully disagree and reverse.
We take the facts alleged in Anarion’s complaint as true. See Glazer v. Chase Home Finance LLC, 704 F.3d 453, 457 (6th Cir.2013). In 2008, Bank of America loaned Kirk Leipzig $960,000, secured by a deed of trust on the residence (located in Brentwood, Tennessee) that he bought with the money. Leipzig then assigned his rights in the residence to the Leipzig Living Trust, which in turn leased it to Johan-nessen in 2010. The lease has a five-year term and includes an option to buy. Jo-hannessen exercised that option in 2011, but otherwise did not act to obtain title to the property then. Around that time, Leipzig stopped making payments on the bank loan. In January 2013, Johannessen assigned his lease and option rights to Anarion. By then the residence was in foreclosure.
In a handful of foreclosure notices in a local newspaper, Carrington stated that Brock & Scott was a “substitute trustee” for purposes of the bank loan “by an instrument duly recorded.” Anarion alleges there was no such “instrument.” That putative “misrepresentation” then gave rise to this suit, which the district court dismissed under Fed.R.Civ.P. 12(b)(6). We review the dismissal de novo. Glazer, 704 F.3d at 457.
The FDCPA’s enforcement provision, 15 U.S.C. § 1692k, states that “any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person[.]” 15 U.S.C. § 1692k(a) (emphasis added). The sole issue before us is whether Anarion is a “person” under this provision and the Act generally.
The presumptive answer to that question is yes. The federal Dictionary Act provides that, “[i]n determining the meaning of any Act of Congress,” the word “person” includes artificial entities — like Anarion — unless “the context indicates otherwise[.]” 1 U.S.C. § 1. Here there is plenty of relevant context, since “person” appears 24 times in the FDCPA. In some places, the term refers exclusively to artificial entities. Section 1692a(6)(B), for example, refers to “any person” who acts “as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control.” 15 U.S.C. § 1692a(6)(B). Natural persons are not related or affiliated in those ways. Likewise, § 1692c bars debt collectors from communicating with “any person other than,” among others, “a consumer reporting agency[.]” 15 U.S.C. § 1692c(b). Consumer-reporting agencies are not natural persons. In other places, “person” includes artificial entities and indeed as a practical matter refers primarily to them. Section 16921, for example, authorizes the Federal Trade Commission “to enforce compliance by any person with this sub-chapter[.]” Section 1692j provides that “any person” who uses a deceptive form “shall be liable” for doing so. Section 1692n provides that the Act does not exempt “any person” from complying with state laws “with respect to debt collection *570 practices[.]” Section 1692a(4) defines “creditor” as “any person” who offers credit. And § 1694a(6) defines “debt collector” as “any person” who collects debts. 15 U.S.C. § 1692a(4), (6). We routinely apply the latter two provisions to corporations. See, e.g., Currier v. First Resolution Investment Corp., 762 F.3d 529, 533 (6th Cir.2014); Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir.2003). The other provisions are not the subject of much litigation.
The defendants respond that in some places the term “person” refers unambiguously to natural persons. For example, § 1692d(l) bars debt collectors from harassing “any person” by means of, among other things, “[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.” (Emphasis added.) Similarly, § 1692e(4) bars debt collectors from representing or implying that “nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful[.]” (Emphasis added.) Corporations have no physical person to harm, and cannot be arrested or imprisoned, so those references themselves apply only to natural persons. But corporations do have “reputation[s]” and “property,” which means that “any person” as used in these provisions includes artificial entities. Neither of these provisions, therefore, provides support for the assertion that “any person” as used in the Act means only natural persons.
Instead the contrary is implied by one of the Act’s core provisions, § 1692a(3), which defines “consumer” ■ to mean “any natural person obligated or allegedly obligated to pay any debt”. That formulation strongly suggests that, when • Congress meant to refer, only to natural persons, it did so expressly. Moreover, if the term “any person” is already limited to natural persons, then the word “natural” as used in § 1692a would be meaningless. We strive not to read statutes that way. See Ford Motor Co. v. United States, 768 F.3d 580, 587 (6th Cir.2014). In summary, the usual rule from the Dictionary Act applies here: the term “person” as used in the FDCPA includes both artificial entities and natural persons alike.
The defendants’ remaining argument is that extending the FDCPA’s protections to entities like Anarion — an investment company, of all things — would outpace the statute’s purpose. Even taking that argument on its own terms, however, two aspects of the FDCPA alleviate that concern. First, the definition of debt in § 1692a prevents any person — natural or artificial — from filing a lawsuit over an attempt to collect a debt owed by a business. 15 U.S.C. § 1692a(5). Normally, therefore, businesses will not have any basis to bring an FDCPA claim. (This case is unusual because Anarion brought suit based on an attempt to collect Leipzig’s personal debt.) Second, nothing in our decision today means that Anarion can bring suit under the FDCPA. The district court’s opinion answered only one question, and thus so does ours: whether Anarion is a “person” under the Act. Left unanswered, among other questions, is the question whether any of the defendants’ representations were made “with respect to” Anarion, as required for relief under § 1692k(a) of the Act.
The district court’s judgment is reversed, and the case remanded for proceedings consistent with this opinion. An-arion’s separate appeal in No. 14-5781 is dismissed as moot.