NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0167n.06

No. 16-5689

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ANARION INVESTMENTS, LLC,

    Plaintiff-Appellant,

v.

CARRINGTON MORTGAGE SERVCES,
LLC; BROCK & SCOTT, PLLC; and
CHRISTIANA TRUST,

    Defendants-Appellees,

**FILED**
Mar 20, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

BEFORE:    DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. This appeal is before us for the second time. The case arises from a complaint filed by Anarion Investments, LLC in the midst of a foreclosure proceeding handled by Carrington Mortgage Services, which was represented by the law firm of Brock & Scott and involved a deed of trust held by Christiana Trust. The foreclosure action was filed against a residential property in Brentwood, Tennessee, occupied by the family of Anarion's sole owner, attorney Scott D. Johannessen, under a lease executed by Johannessen and the property owner. When the mortgage payments came due but remained unpaid for many months, the defendants initiated an action to foreclose.

In an attempt to avoid foreclosure, Johannessen formed Anarion and assigned whatever interest he had in the Brentwood property to the new entity. He then filed this action in Anarion's name, charging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and seeking damages and an injunction to stop the foreclosure. The complaint alleged what the district court later described as "scatter shot" claims under §§ 1692d, 1692e, and 1692f of the FDCPA, charging principally that the defendants had published a foreclosure notice that contained false representations and failed to give sufficient notice to all "interested parties," including Anarion.

Initially, the district court denied injunctive relief, finding that it was not available under the FDCPA. The court later granted the defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), holding that the term "any person" in 15 U.S.C. § 1692k(a) did not include a corporate entity, in light of the FDCPA's evident purpose to "protect [consumers] against the infringement of interests held only by natural persons." *Anarion Invs., LLC v. Carrington Mortg. Servs.*, 33 F. Supp.3d 927, 936 (M.D. Tenn. 2014) (*Anarion I*). On appeal, a panel of this court held, in a divided opinion, that the term "person" as used in the FDCPA includes "artificial entities" such as Anarion, "unless the context indicates otherwise." *Anarion Invs., LLC v. Carrington Mortg. Servs.*, 794 F.3d 568, 569 (6th Cir. 2015) (quoting 1 U.S.C. § 1) (*Anarion II*). But the court also noted, pointedly, that "nothing in our decision today means that Anarion can bring suit under the FDCPA" because we left unanswered "the question whether any of the defendants' representations were made 'with respect to' Anarion, as required for relief under § 1692k(a) of the Act." *Id*. at 570. We remanded the case to the district court, ostensibly to answer the unanswered question.

The section of the FDCPA that landed under the microscope in this appeal provides that "any debt collector who fails to comply with any provision of this subchapter *with respect to* any person is liable to such person" in damages. 15 U.S.C. § 1692k(a) (emphasis added). When the case returned to the district court, the court noted the result in *Anarion II* but once again granted the defendants' motion to dismiss for failure to state a claim—this time "because none of the alleged representations were made 'with respect to' Anarion under § 1692k(a)." *Anarion Invs., LLC v. Carrington Mortg. Servs.*, No. 3:14-cv-00012, 2016 WL 1306236, at *3 (M.D. Tenn. April 4, 2016) (*Anarion III*). As a result, the court held, Anarion did not "fall[] within certain statutory protections set forth in the FDCPA" and, therefore, lacked statutory standing to bring suit. *Id.* at *5. We agree, both with this conclusion and with the reasoning used to support it.

Pointing to our opinion in *Wright v. Finance Service of Norwalk, Inc.*, the district court noted that the aggrieved party under the FDCPA—one who, for example, has been the victim of "any false, deceptive, or misleading representation . . . in connection with the collection of any debt," as prohibited by § 1692e—is normally the debtor or someone who "stand[s] in the shoes of the debtor." *Anarion III*, 2016 WL 1306236, at *4 (quoting *Wright*, 22 F.3d 647, 649-650 (6th Cir. 1994)(en banc)). But, here, Anarion is not the debtor, nor does it stand in the debtor's shoes. Indeed, according to the complaint, Anarion is actually a *creditor*, whose only interest in the property in question stems from an option to purchase that existed in the original lease between Johannessen and the property owner. Johannessen purportedly exercised the option but did not purchase the residence before it was sold at a foreclosure auction. The record suggests the impetus for this extended litigation was not merely an effort to prevent foreclosure but the exertion of pressure on the Christiana Trust to sell the note, after Johannessen's offers to purchase it were declined for reasons not apparent on the record.

Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. *See Davis v. L-3 Commc'ns*, 634 F. App'x 585 (6th Cir. 2016). Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its memorandum opinion in *Anarion III*.