NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0291n.06
No. 19-3695

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 26, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| EMILY WORCESTER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| STARK STATE COLLEGE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Stark State College (the School) expelled Emily Worcester from its dental-hygiene program after she performed dental procedures off-campus. Worcester later sued the School, alleging that the expulsion came without due process. The district court dismissed Worcester's suit for failure to state a claim. We affirm, albeit for reasons different than the district court.

We accept as true the facts alleged in Worcester's complaint. *See Anarion Invs. LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568, 569 (6th Cir. 2015). In 2014, Worcester enrolled in Stark State, an Ohio technical college that offers a variety of associate's degrees and other career-oriented programs. After Worcester had completed two years of prerequisite coursework, she was accepted into the School's dental-hygiene program. Two months before graduation, however, Worcester told a professor that she had made mold impressions of two patients' teeth at her home. The professor reported Worcester's actions to the School. A few days later, the School

informed Worcester by letter that she had been expelled from the program and that her expulsion was "final." Worcester nonetheless took several steps to challenge her expulsion. The day she received the letter, she met with a dean; and five days later, she met with the provost. She also filed a formal complaint and an application for readmission. (Worcester's federal complaint does not say how the School responded, but the parties agree that Worcester remained expelled.)

Worcester thereafter brought this suit against the School under 42 U.S.C. § 1983, alleging that the School had failed to follow its own procedures when it expelled her. Specifically, she alleged, the School had expelled her without allowing her "to be heard or file any appeal or readmission application," thereby "depriving [her] of her due process rights." The district court dismissed her complaint for failure to state a claim. We review that decision de novo. *See Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018).

Worcester argues that the School violated her due-process rights by expelling her without following its procedures for doing so. To state a claim under § 1983, Worcester must show that a "person" acting under the color of state law violated her constitutional rights. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012).

Although a state and its instrumentalities are not "persons" under § 1983, its political subdivisions are. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Ohio's political subdivisions "include municipal corporations," like cities and counties. Ohio Rev. Code § 2743.01; *Mumford*, 105 F.3d at 267. But Ohio law also defines "other bodies politic and corporate"—like technical colleges—as political subdivisions as well. Ohio Rev. Code § 2743.01(B); *see Miller v. Wash. State Comm. Coll.*, 698 N.E.2d 1058, 1060 (Ohio Ct. App. 1997) (citing *Mihalcin v. Hocking Coll.*, No. 95API06-760, 1995 WL 739686, at *3 (Ohio Ct. App. 1995)); *see also* Ohio Rev. Code

§§ 3354.03, 3357.022, 3357.04; *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 303 n.2, 305–06 (6th Cir. 1984). Here, Worcester contends, and the School does not dispute, that the School is a political subdivision of Ohio and thus a person under § 1983.

A political subdivision causes constitutional injury when the institution itself is the "moving force" behind the violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But the subdivision is not liable "simply because one of its employees has committed a constitutional violation." *Andrews v. Wayne Cty.*, 957 F.3d 714, 2020 WL 2111315, at *5 (6th Cir. May 4, 2020). Instead, the plaintiff must allege that the subdivision caused her injury through an institutional policy or custom. *See Monell*, 436 U.S. at 694.

Here, as the School has argued in the district court and on appeal, Worcester has not alleged her injury was the result of any School policy or custom. Rather, Worcester pled only that the School instead *failed* to follow its own policies. Indeed, Worcester's complaint repeatedly characterizes the School's treatment of her case as unique, rather than "so permanent and well settled as to constitute a custom or usage with the force of law." *See Doe v. Claiborne Cty.*, 103 F.3d 495, 507 (6th Cir. 1996). And Worcester has not pled or argued any other theory of institutional liability under *Monell*. She therefore failed to state a claim under § 1983. *See Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013).

The district court's judgment is affirmed.