**AFFIRMED and Opinion Filed March 2, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-01470-CV**
_____

**MACARTHUR DAVIS, Appellant**
**V.**
**AMERICAN EXPRESS NATIONAL BANK, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-14257**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

Appellee American Express National Bank sued pro se appellant MacArthur Davis for the balance due on a business credit card. After Davis failed to answer, American Express filed a motion for default judgment. The trial court granted the default judgment and awarded American Express $29,983.18 and court costs. MacArthur argues on appeal that he is entitled to "qualified immunity" and cannot be held personally liable for the debts of a limited liability company.

Davis has failed to provide any substantive analysis with citation to the record or relevant legal authorities in support of his arguments thereby waiving his issues

on appeal. *See* TEX. R. APP. P. 38.1(h); *see also PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 722 (Tex. App.—Dallas 2011, pet. denied). To the extent we liberally construe his arguments, we conclude they are without merit and affirm the trial court's judgment. Because the underlying facts are well-known to the parties, we include only those necessary for disposition of this appeal. *See* TEX. R. APP. P. 47.4.

### Inadequate Briefing

We begin by addressing the briefing deficiencies in Davis's pro se brief. A pro se litigant is held to the same standards as a licensed attorney and, therefore, must comply with the applicable rules of appellate procedure, including rule 38.1. *See Wash. v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id*.

Davis's brief fails to comply with rule 38.1 in several ways. Notably, he fails to include a single citation to the appellate record. *See* TEX. R. APP. P. 38.1(g). Further, he has failed to make a clear, concise argument with citation to relevant authorities. *Id*. 38.1(i). Instead, he cites four federal cases from other jurisdictions and two from federal courts in Texas, which are not controlling authority. *See In re Fairway Methanol LLC*, 515 S.W.3d 480, 489 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). We provided Davis with notice of his briefing deficiencies and allowed the opportunity to file an amended brief. He filed an amended brief;

however, he still failed to comply with rule 38.1. Despite these deficiencies, where possible we will liberally construe and address the arguments set forth in Davis's brief. *See* TEX. R. APP. P. 38.9.

**Discussion**

Davis first argues he is entitled to "qualified immunity" against American Express's cause of action. He cites no relevant, legal basis for his proposition. Instead, he cites to cases related to the federal fair-debt collection statute and to qualified immunity for governmental actors.[1] Neither is applicable here.

To the extent Davis attempts to challenge the merits of the default judgment, his arguments are without merit. He contends that as a general rule, a business owner cannot be held liable for the debts of a limited liability company. *See* TEX. BUS. ORG. CODE ANN. § 101.114 ("Except as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court."). However, there is nothing

---

[1] *Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015) (considering whether debt collector violated provisions of federal Fair Debt Collections Practices Act); *Anarion Invs. LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568 (6th Cir. 2015) (analyzing the meaning of "person" under FDCPA); *Gillie v. Law Offices of Eric A. Jones*, LLC, 785 F.3d 1091 (6th Cir. 2015) (considering misleading and deceptive debt collection efforts by attorneys under FDCPA), *judgment vacated by Jones v. Gillie*, 136 S.Ct. 2446 (2016); *Horton v. M&T Bank*, No. 4:13-CV-525-A, 2013 WL 6172145 (N.D. Tex. Nov. 22, 2013) (discussing consumer claim under FDCPA); *Appleberry v. Fort Worth Indep. Sch. Dist.*, No. 4:12-CV-235-A, 2012 WL 5076039 (N.D. Tex. Oct. 17, 2012) (concluding, in part, individual supervisors entitled to dismissal from ADA claims because statute did not impose such individual liability); *Andrade v. Chojnacki*, 65 F. Supp. 2d 431 (W.D. Tex. 1999) (discussing qualified immunity for government officials regarding claims involving Branch Davidians).

in the record indicating Amazing Performance, the business at issue, is a limited liability company.

The record shows Davis applied for, obtained, and used a credit card. The card member agreement defined "You" and "Your" to mean the "Basic Card member and the Company" and that "You agree, jointly and severally to be bound by the terms of the Agreement." Davis failed to pay the amount due on the account. When Davis failed to answer, he admitted both the truth of the facts set out in the petition and his liability on any cause of action properly alleged by those facts. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (non-answering party in a no-answer default judgment is said to have admitted both truth of facts set out in the petition and defendant's liability on any cause of action properly alleged by those facts). Accordingly, the record supports the trial court's judgment.

## Conclusion

We affirm the trial court's judgment in favor of American Express.

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

191470F.P05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MACARTHUR DAVIS, Appellant

No. 05-19-01470-CV     V.

AMERICAN EXPRESS
NATIONAL BANK, Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-14257.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN EXPRESS NATIONAL BANK recover its costs of this appeal from appellant MACARTHUR DAVIS.

Judgment entered March 2, 2021.